UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN G. MASON,

        Plaintiff,

vs.                                                              Case No. 6:05-cv-627-28JGG

THE FLORIDA BAR,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON ABSTENTION**

**I.    THE ISSUES**

The case is before the Court on the Florida Bar's Motion to Abstain or in the Alternative Motion for Judgment on the Pleadings filed August 30, 2005. Docket Nos. 35 (motion); 39 (memorandum in opposition); *see also*, Docket No. 24 at 2 (affirmative defenses raising *Younger* and *Pullman* abstention). On September 30, 2005, this Court ordered Plaintiff Steven G. Mason to show cause why the Court should not grant the Bar's motion to abstain pursuant to *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Docket No. 42. At an evidentiary hearing on October 25 and 26, 2005, the Court considered all testimony, evidence, and other submissions. *See* Docket Nos. 44, 45, 51, 52, 53, 55, 56, 60.

Mason asks this Court to decide an interesting and weighty issue: whether the Florida Supreme Court and the Florida Bar may prohibit an attorney from impugning the qualifications and integrity of a judge, and from disparaging jurors, without violating free speech rights guaranteed by the United States Constitution. The motion to abstain, however, requires this Court to decide a more limited issue — whether the federal court should hear and resolve Mason's free speech argument.

1

Mason contends that it is the province of the federal courts to resolve free speech issues arising under the United States Constitution, and that the referees, grievance committees, and counsel of the Florida Bar are poorly equipped to do so — at least without causing a lengthy delay that will chill all lawyers' right to speak freely about judges and juries.[1]  In response, the Florida Bar argues that this Court should abstain from resolving such issues in order to permit a resolution by the entities responsible for attorney discipline in Florida — the Florida Supreme Court and the Florida Bar.  The Florida Bar is correct.  The Florida Bar and the Florida Supreme Court will allow Mason to raise his federal constitutional issues, and will resolve those issues promptly and competently.  It is therefore **RECOMMENDED** that the Florida Bar's Motion to Abstain be **GRANTED**, and that the United States District Court **ABSTAIN** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and in the alternative, pursuant to *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496 (1941).

## II.     THE FACTS

On April 4 and 6, 2005, two Circuit Court Judges of the Ninth Judicial Circuit in Orange County, Florida, telephoned the Florida Bar about two *Orlando Sentinel* articles quoting Mason, an attorney admitted to practice in Florida.  Docket No. 44 at 1.  One article reported that a Circuit Court Judge had allowed a special election for temporary mayor to proceed.  The article quoted Mason, who was serving as counsel for one of the political parties, as follows:

> "It's an illegal election," he said.  "We'll find some judges on the appellate court who aren't afraid of the political heat, and we're going to win this thing."

Docket No. 1 at 14 (exhibit to complaint).  The second article reported that a six-member civil jury in Orange County had found Mason's client liable for civil damages for bingo-related racketeering activities, and that the civil jury had not been told that an earlier criminal jury had acquitted the

---

[1] Specifically, Mason contends that abstention is improper because the federal action has proceeded past the "embryonic stage" at a time when the grievance proceeding does not yet constitute an "ongoing state proceeding."  Mason also contends that the Florida Bar's bad faith precludes *Younger* abstention.

2

defendant of criminal racketeering and gambling charges. The article quoted Mason as questioning the jury's findings:

> "Unfortunately, this jury got absolutely buffaloed. They got snookered, beyond snookered," Mason said. "I would like to see their faces when they find out another jury in this courthouse found these people not guilty of every single charge based on the exact same facts."

Docket No. 1 at 15 (exhibit to complaint).

On April 14, 2005, Florida Bar Counsel gave Mason fifteen days to explain in writing whether the statements attributed to him in the two *Orlando Sentinel* articles were true, and whether the statements violated Fla. Bar Rule 4-8.2 (a) (which prohibits a lawyer from impugning the qualifications and integrity of judges) and Fla. Bar Rule 4-8.4 (d) (which prohibits a lawyer from disparaging jurors on any basis). Docket No. 1 at 11 (exhibit to complaint). On April 26, 2005, Mason filed a complaint asking the United States District Court for the Middle District of Florida to declare that Fla. Bar Rules 4-8.2 (a) and 4-8.4 (d) unconstitutionally inhibit free speech in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution. Docket No. 1 at 8. Mason's complaint also asked the federal court to forever enjoin the Florida Bar from enforcing those rules. Docket No. 1 at 8 - 9. After filing the federal case, Mason responded to Bar counsel's fifteen-day letter, a response which the Bar received on May 2, 2005.[2] Docket No. 44 at 2. On August 23, 2005, the Florida Bar referred the complaint against Mason to a grievance committee pursuant to Rules 3-7.3(f) and 3-7.4.

### III. *YOUNGER* ABSTENTION

The doctrine arising out of *Younger v. Harris*, 401 U.S. 37 (1971), generally requires federal courts to abstain from hearing federal constitutional claims that involve or call into question ongoing state procedures. While *Younger* emanated from the context of state criminal proceedings, in subsequent cases the court extended the application of the doctrine to civil proceedings which

---

[2]The Court has never seen Mason's response to the Florida Bar, and the parties declined this Court's invitation to include it in the record.

3

involve important state interests.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).  The doctrine applies to state administrative proceedings, *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619 (1986), and more specifically, to disciplinary proceedings initiated by a state bar. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *American Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1493 n.15 .[3]

The *Middlesex* decision controls.  In *Middlesex*, the United States Supreme Court reviewed a case in which the New Jersey Bar had charged that a lawyer had violated certain bar rules.  Instead of responding to the charges, the lawyer filed suit in federal district court contending that the disciplinary rules violated his rights under the federal constitution.  457 U.S. at 429.  The Third Circuit reversed, and on review, the Supreme Court held that the district court correctly dismissed the case based on *Younger*.  *Id*. at 429, 437.  The Supreme Court enunciated three elements that must be met for the application of the *Younger* abstention doctrine to state disciplinary proceedings:  1.) the proceeding must constitute an ongoing judicial proceeding; 2.) the proceeding must implicate important state interests; and 3.) there must be an adequate opportunity in the proceeding to raise constitutional challenges.  *Id*. at 432.  If these three elements are met, then the district court must apply *Younger* in a bar disciplinary matter unless the complaining party makes a showing of bad faith, harassment, or some other extraordinary circumstance.  *Id*. at 435.

The Court in *Middlesex* noted that the New Jersey state constitution vested the power to govern and discipline bar members in the New Jersey Supreme Court,  *Id*. at 425, 433,  and that the disciplinary proceedings were carried out by bar ethics and grievance committees which are arms of

---

[3] *Accord Canatella v. California,* 404 F.3d 1106 (9th Cir. 2005); *Stein v. Legal Advertising Comm. of the Disciplinary Bd.,* 122 Fed. Appx. 954 (10th Cir. 2004); *Gilchrist v. Arizona Supreme Court,* 10 Fed. Appx. 468 (9th Cir. 2001), *cert. denied,* 534 U.S. 996 (2001); *Crenshaw v. Supreme Court of Indiana,* 170 F.3d 725 (7th Cir. 1999), *cert. denied,* 528 U.S. 871 (1999); *Neal v. Wilson,* 112 F.3d 351 (8th Cir. 1997); *Wightman v. Texas Supreme Court,* 84 F.3d 188 (5th Cir. 1996), *cert. denied,* 519 U.S. 1080 (1997); *Brooks v. New Hampshire Supreme Court,* 80 F.3d 633 (1st Cir. 1996); *Hirsh v. Justices of the Supreme Court of the State of Calif.*, 67 F.3d 708 (9th Cir. 1995); *Berger v. Cuyahoga County Bar Ass'n,* 983 F.2d 718 (6th Cir. 1992), *cert. denied,* 508 U.S. 940 (1993); *Partington v. Gedan,* 961 F.2d 852 (9th Cir. 1992), *cert. denied,* 506 U.S. 999 (1992); *Greening*, 953 F.2d at 301; *Mason v. Departmental Disciplinary Comm.,* 894 F.2d 512 (2d Cir. 1990), *cert. denied,* 497 U.S. 1025 (1990); *Sekerez v. Supreme Court of Indiana,* 685 F.2d 202 (7th Cir. 1982), *abrogated on other grounds,* 43 F.3d 290 (7th Cir. 1994)

the New Jersey Supreme Court. *Id*. at 425-26, 433. The Court recognized that that "[f]rom the very beginning a disciplinary proceeding is judicial in nature, initiated by filing a complaint with an ethics and grievance committee." *Id.* at 433. The Supreme Court further found that the respondent had the opportunity to present his constitutional claims by raising the issues before the committees and the New Jersey Supreme Court. *Id*. at 435-36. The Supreme Court therefore held that abstention was appropriate.

As in *Middlesex,* the Florida Constitution vests jurisdiction over the regulation of attorneys in the Florida Supreme Court. Art. V, § 15, FLA. CONST.; *Tindall v. The Florida Bar,* No. 97-387-Civ-T-17C, 1997 WL 689636 (M.D. Fla. 1997), aff'd, 163 F.3d 1358 (11th Cir. 1998). The Florida Bar is an official arm of the Florida Supreme Court charged with the responsibility of maintaining the ethical standards among its members and disciplining members. *Carroll v. Gross*, 984 F.2d 392 (11th Cir. 1993), *cert. denied*, 510 U.S. 893 (1993); *Tindall*, 1997 WL 689636 at *4; *Dade-Commonwealth Title Ins. v. North Dade Bar Ass'n,* 152 So. 2d 723, 725 (Fla. 1963); see also *Introduction*, Ch. 1, R. Regulating Fla. Bar; R. Regulating Fla. Bar. 3-3.1 and 1-8.1. In fulfilling its responsibilities in this regard, the Florida Bar acts at all times under the exclusive jurisdiction, supervision and control of the Florida Supreme Court. *Id.*

The United States Court of Appeals for the Eleventh Circuit has determined that the Florida Bar's disciplinary proceedings are judicial in nature. *In the Matter of Calvo*, 88 F.3d 962, 965 (11th Cir. 1996); *American Civil Liberties Union*, 999 F.2d at 1493 n.15 ("*Younger* applies to state disciplinary hearings because they are 'judicial in nature'"); *Tindall*, 1997 WL 689636 at *4, aff'd, 163 F.3d 1358 (11th Cir. 1998). *See also* R. Regulating Fla. Bar 3-7.6(f)(1); *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718 (6th Cir. 1993) (finding Ohio attorney disciplinary proceedings, similar to Florida's, to be judicial in nature and applying *Younger*), *cert. denied,* 508 U.S. 940 (1993); *Hirsch v. Justices of the Supreme Court of the State of Calif.,* 67 F.3d 708 (9th Cir. 1995) (California's attorney disciplinary proceedings are judicial in nature and applying *Younger*).

This Court must decide at what stage the Florida Bar's proceedings constitute an ongoing judicial proceeding for the purpose of *Younger*. Courts addressing this issue have consistently found that early stages of a bar's disciplinary procedures constitute ongoing judicial proceedings for purposes of *Younger*. *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (for purposes of *Younger,* state proceedings began on the day the board of medical examiners issued its first letter advising doctor of its investigation into allegations regarding his conduct and requesting information regarding the allegations); *Wightman v. Texas Supreme Court*, 84 F.3d 188 (5th Cir. 1996) (in matter where attorney made controversial statements in a motion and in letters to the court and to opposing counsel in which he attacked the character of certain state judges, the court upheld *Younger* abstention where disciplinary proceedings were still in their early stages and had not yet gone before investigatory panel of grievance committee), cert. denied, 519 U.S. 1080 (1997); *Hirsch*, 67 F.3d at 708 (disciplinary proceedings were ongoing after attorneys received notices to show cause); *Berger,* 983 F.2d at 718 (upholding *Younger* abstention when attorneys filed federal action in the midst of grievance committee's investigation but before formal complaint was filed), cert. denied, 508 U.S. 940 (1993); *Mason v. Departmental Disciplinary Comm.*, 894 F.2d 512 (2d Cir. 1990) (*Younger* abstention upheld where committee was conducting inquiry by letter, and prior to deadline for responding, accused attorney sought federal court intervention), cert. denied, 497 U.S. 1025 (1990); *Stein v. Legal Advertising Comm. of the Disciplinary Bd.*, 272 F. Supp.2d 1260 (D. N.M. 2003) (finding that attorney disciplinary proceedings commenced for purposes of *Younger* when letter was sent to attorney apprizing him of an investigation and requiring him to respond, but attorney filed lawsuit instead).

The Tenth Circuit in *Amanatullah* said "[t]he disciplinary proceedings by the Colorado Board begin with an informal inquiry and investigation into complaints. . . . [and if] upon completion of the investigation, the inquiry panel finds that the facts 'warrant further proceedings by formal complaint,' the matter is referred to the attorney general for the preparation and filing of a formal

complaint." *Id.* at 1163 (citations omitted). The issue in that case, as in this case, was whether the proceeding for purposes of abstention began at the point the decision was made to go forward. The Tenth Circuit held that the state proceedings began on the date the Colorado Board issued its first "30-day" inquiry letter to respondent advising him of its investigation into the allegations of the Nevada complaint. The state proceedings "did not begin when the formal complaint was filed by the attorney general." *Id.* at 1164.

The Eleventh Circuit has not directly addressed this point. Nevertheless, *Redner v. Citrus County Florida,* 919 F.2d 646 (11th Cir. 1990) suggests that the state Bar proceeding began on April 4, 2005 when the Florida Bar opened an inquiry file on Mason. In *Redner*, a criminal case, the court stated:

> We reject Redner's suggestion that there was no pending state criminal proceeding against him when he filed for federal relief. Before he filed suit in federal court, he had been arrested and taken to jail twice for violating Ordinance 88-05 and twice had been released on bond. Because Redner was twice released from jail on bond, pending a state trial before he filed a federal suit, state criminal proceedings had begun against him.

*Id.* at 649.

Accordingly, this Court finds that the state Bar proceeding against Mason commenced on April 4, 2005, when the Florida Bar opened an inquiry file about Mason's statements that were quoted in the *Orlando Sentinel*. Furthermore, the Court finds that the Florida Bar proceedings against Mason were "ongoing" when Mason filed this action in federal court on April 26, 2005. Docket No. 1. The Court disagrees with Mason's contention that no state proceeding was commenced until the matter was referred to the grievance committee on August 23, 2005.[4] If this Court were to accept Mason's contention, then lawyers who receive notice of a disciplinary

---

[4] This Court also disagrees that the Florida Bar waived its abstention defense by not raising it in the motion to dismiss. An appellate court may even raise abstention *sua sponte* for the first time on appeal. *See Columbia Basin Apartment Association v. City of Pasco,* 268 F.3d 791 (9th Cir. 2001); *Delleti v. Baird,* 428 U.S. 132 (1976).

investigation could easily circumvent *Younger* by filing a federal action before the grievance committee received the matter. Many state proceedings involving attorney conduct would become federal cases.

The Court also finds that no substantive proceedings or rulings on the merits in this federal action have taken place to date that would preclude abstention as provided for in *For Your Eyes Only v. City of Columbus,* 281 F.3d 1209 (11th Cir. 2002).[5] There have been no substantive proceedings on the merits, and no hearings on dispositive motions, except for *Younger* related proceedings. Certainly no federal action was pending at the time the state Bar proceedings were commenced. On the contrary, it was the state Bar proceeding that triggered the commencement of the federal proceeding.

With regard to the second element of the *Middlesex* test, Mason understandably makes no argument that the disciplinary proceeding does not concern or implicate important state interests. Florida has a significant interest in regulating Florida lawyers. There is no difference between Florida's interest in regulating its lawyers and New Jersey's interest as reviewed by the United States Supreme Court in *Middlesex. See also*, *The Florida Bar v. Went For It*, 515 U.S. 618, 625 (1995) (we have little trouble crediting the [Florida] Bar's interest [in regulating its lawyers] as substantial"). The second element of the *Middlesex* test is satisfied.

As to the third element of the *Middlesex* test, a fundamental policy underlying the *Younger* doctrine is the recognition that state courts are fully competent to adjudicate federal constitutional issues. *Middlesex*, 457 U.S. at 435-36; *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 639 (3d Cir. 1996); *Levy v. Lerner*, 853 F. Supp. 636, 642 (E.D. N.Y. 1994), aff'd, 52 F.3d 312 (2d Cir. 1995). The question is whether the opportunity exists to raise a constitutional issue.

---

[5]This court denied the Florida Bar's Motion to Dismiss on July 7, 2005 and denied the Florida Bar's Motion for Leave to File Reply to Plaintiff's Response to the Defendant's Motion to Dismiss and Defendant's Motion to Reconsider Order Denying Defendant's Motion to Dismiss on July 14, 2005. The third order, entered on August 24, 2005 related to complaints with the case management and scheduling order and extensions of time. These orders were non-substantive and not on the merits.

*Middlesex* explained that, where state interests are involved, the federal court should abstain "unless state law clearly bars the interposition of the constitutional claims." *Id.* at 424. The U.S. Supreme Court placed the burden upon the person claiming that abstention is inapplicable to show that state law clearly bars the interposition of constitutional claims. *See also Butler v. Alabama Judicial Inquiry Comm'n*, 245 F.3d 1257, 1262 (11th Cir. 2001)(finding that the burden to establish inadequacy of procedures to adjudicate constitutional claims rests on the moving party). Mason failed to meet this burden.

The *Middlesex* court found that the respondent had an opportunity to raise federal issues and have them timely decided by a competent state tribunal:

> Under New Jersey's procedure, its Ethics Committees constantly are called upon to interpret the state disciplinary rules. Respondent Hinds points to nothing existing at the time the complaint was brought by the local Committee to indicate that the members of the Ethics Committee, the majority of whom are lawyers, would have refused to consider a claim that the rules which they were enforcing violated federal constitutional guarantees. * * * Whatever doubt, if any, that may have existed about respondent Hinds' ability to have constitutional challenges heard in the bar disciplinary hearings was laid to rest by the subsequent actions of the New Jersey Supreme Court. Prior to the filing of the petition for certiorari in this Court the New Jersey Supreme Court *sua sponte* entertained the constitutional issues raised by respondent Hinds. Respondent Hinds therefore has had abundant opportunity to present his constitutional challenges in the state disciplinary proceedings.

*Id.* at 435-36. The respondent in Middlesex had an adequate opportunity to raise constitutional claims in the state system so long as the state supreme court ultimately considered the constitutional issues. In the case at bar, Florida Bar rules and state law do not clearly bar the interposition of Mason's constitutional claims. To the contrary, there is abundant opportunity for a lawyer facing disciplinary charges to raise constitutional issues at almost every stage of the Florida proceedings. See Ch. 3-7, *R. Regulating the Fla. Bar*; *Tindall*, 1997 WL 689636 at *5; *The Florida Bar v. Brown,* 905 So. 2d 76 (Fla. 2005); *The Florida Bar v. Ray*, 797 So. 2d 556 (Fla. 2001), cert. denied, 535 U.S. 930 (2002); *The Florida Bar v. Sayler*, 721 So. 2d 1152 (Fla. 1998); *The Florida Bar v. Daniel*, 626

So. 2d 178 (Fla. 1993); *The Florida Bar v. Herrick*, 571 So. 2d 1303 (Fla. 1990), cert. denied, 501 U.S. 1205 (1991); *State ex rel. Florida Bar v. Grant*, 85 So. 2d 232 (Fla. 1956).

Mason may assert his constitutional claims before the grievance committee, or possibly even prior to that. See Rule 3-7.3(d) and Rule 3-7.4(h). Even after the Chief Justice assigns the complaint to a referee for trial, the Board of Governors may terminate the proceedings before any evidence is received under Rule 3-7.5(e). Nothing prohibits Mason from petitioning the Board of Governors to dismiss the disciplinary action on constitutional grounds, and there is no reason to find that the grievance committee or the Board, both of which are composed primarily of lawyers, would refuse to consider such claims. The referee may grant a motion to dismiss the complaint as insufficient in light of Mason's First Amendment and any state constitutional claims under Rule 3-7.6 (h).[6] The Florida Bar introduced into evidence two orders of referees in other disciplinary proceedings in which the referees held that the advertising rules as applied to the attorneys at issue were unconstitutional. If the referee were to rule against Mason's constitutional claims, Mason may object to the report and recommendation, and seek review by the Florida Supreme Court. *See* Rule 3-7.7(a)(1) and (c)(5). The third prong of *Middlesex* is satisfied because Mason has an adequate opportunity to raise federal and state constitutional challenges in the state Bar proceeding.

## IV.   EXCEPTIONS TO *YOUNGER* ABSTENTION DOCTRINE

The U.S. Supreme Court has recognized exceptions to *Younger* abstention where the plaintiff makes an adequate showing of bad faith or other extraordinary circumstances that "render the state court incapable of fairly and fully adjudicating the federal issues before it . . ." *Kugler v. Helfant,* 421 U.S. 117, 124-125 (1975). None of the *Kugler* circumstances is present here. Mason introduced no evidence of bad faith prosecution by the Florida Bar. The state proceeding marks the first time Mason has ever been charged by the Florida Bar, and there is no evidence that Bar harbors animus of

---

[6]Although not asserted in his federal claim for declaratory judgment, Mason undoubtedly will want to ask the Florida Supreme Court to consider his right to freedom of speech under Section 4 of the Florida Constitution.

any sort against Mason. Testimony presented at hearing demonstrated that the Bar is proceeding in accordance with its routine procedures in investigating the complaints against him. Furthermore, Mason introduced no evidence sufficient to demonstrate harassment or other extraordinary circumstances that would constitute an exception to the *Younger* doctrine. Because all of the necessary elements have been met, the *Younger* doctrine dictates that this Court abstain.

**V.    *PULLMAN* ABSTENTION**

In *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496 (1941), the United States Supreme Court held that a federal district court should exercise discretion to abstain from exercising jurisdiction in deference to state court resolutions of underlying issues of state law. *Pullman* abstention is appropriate when two criteria are met:  1.) the case presents an unsettled question of state law, and 2.) the question of state law is dispositive of the case or would avoid, or substantially modify, the constitutional question presented. *Rindley v. Gallagher,* 929 F.2d 1552, 1554-55 (11th Cir. 1991).

In the case at bar, neither the Florida Bar nor the Florida Supreme Court has interpreted Rules 4-8.2(a) and 4-8.4(d) as applied to Mason, and the quotes attributed to him in the *Orlando Sentinel*.[7] As in the cases discussed above, such interpretation might eliminate the necessity of adjudicating the constitutional issues raised in the complaint. Hence, this Court should exercise its discretion to abstain pursuant to *Pullman.*

**VI.    CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that the Florida Bar's Motion to Abstain or in the Alternative, Motion for Judgment on the Pleadings be **GRANTED** pursuant to *Younger*, and in the alternative, pursuant to *Pullman*.

---

[7] At the hearing, Mason introduced evidence that the Florida Bar has found far more incendiary statements by lawyers about judges to have complied with the Florida Bar Rules. At the request of the Central Florida Criminal Defense Lawyers, the Florida Bar had approved those statements prior to the publication of an annual poll about the judiciary. The Florida Bar will be eager to resolve the issues that Mason raises.

11

Failure to file written objections to this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** in Orlando, Florida, this 16th day of December, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable John Antoon
Counsel of Record